HARRY ROSE, RESPONDENT, v. BENJAMIN G. FITZGERALD,
APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"This was a suit against a husband to collect the amount
of a bill for tailoring done for the wife. There was a judg-

ment for the plaintiff below. The defence was mainly based upon the claim that the plaintiff had been notified by the husband not to give any credit to the wife, and also that the articles furnished were not necessaries. After the suit was begun the wife paid a part of the bill, leaving a balance of forty-five ($45) dollars, which was the basis of the judgment.

"Appellant has put in what appears to be a stenographic transcript of the testimony taken in the court below, but there is nothing in the record to show that a stenographer was appointed pursuant to the statute, and unless there was an appointment, the transcript has no value. On the other hand, there is a state of the case settled by the trial judge, which naturally excludes a stenographic transcript. The alleged errors called to our attention are the following:

"First. That the court found, against uncontradicted evidence, that the plaintiff did not see a written notice upon the defendant's check that no more credit was to be given to the wife. The burden was on the defendant to show that the plaintiff did see this notice, and the judge certifies that the plaintiff testified that if the clause was there he did not see it, while the transcript is silent on this point. We think we should not take the silence of the unofficial transcript as impeaching the statement of the court to the contrary.

"The same may be said as to the court's finding that the defendant did not supply his wife with necessaries. The ruling that evidence as to what were necessaries was part of the defence is complained of in the brief, but was not objected to at the trial and was not specified as a ground of error.

"Third and fourth. It is objected, generally, that the defendant did not have a fair trial. A general objection of this character, of course, counts for nothing.

"We find no error of the trial court properly assigned, that should lead to a reversal, and the judgment will, therefore, be affirmed."

For the appellant, *John J. Crandall* and *James A. Lightfoot.*

For the respondent, *Morris Bloom.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.